IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:09-cv-00440-MOC-DSC

| | |
|---|---|
| **METROPOLITAN GROUP, INC.,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) |
| | ) |
| **MERIDIAN INDUSTRIES, INC.,** | ) |
| | ) |
| **Defendant.** | ) |

### FINAL JUDGMENT AND INJUNCTION

**THIS MATTER** having come before the Court upon a bench trial held on June 18, 2012, and the Court serving as both Judge and Jury for the issues set out below, **ORDERS, JUDGES, AND DECREES** that:

1. With regard to Plaintiff's breach of contract claim for the presence of asbestos, JUDGMENT is entered in favor of Defendant and against Plaintiff as to Plaintiff's claim for damages related to invoices from Still Services totaling $23,299.00, as Plaintiff failed to present evidence in support of such damages or evidence that Still actually performed the work at issue, and therefore Plaintiff failed to satisfy its burden of proving that such damages were a foreseeable or contemplated result of Defendant's breach;

2. With regard to Plaintiff's breach of contract claim for the presence of asbestos, and by stipulation of the parties regarding the Plaintiff's damages, JUDGMENT is entered in favor of Plaintiff and against Defendant as to Plaintiff's claim for damages related to invoices from Enpuricon, Inc. and EHG totaling $74,296.25;

3. With regard to Defendant's breach of contract counterclaim, and by stipulation of the

parties regarding Defendant's damages, JUDGMENT is entered in favor of Defendant and against Plaintiff as to Defendant's claim for damages related to its prior replacement of groundwater wells totaling $32,059.00;

4. With regard to Defendant's breach of contract counterclaim, an INJUNCTION is entered against both parties requiring that:

   a. Until and unless a "No Further Action Letter" is issued by NCDENR or Defendant's monitoring obligations are otherwise satisfied consistent with the Purchase Agreement signed by the parties, Defendant is to replace the groundwater wells on the property, and Plaintiff is to reimburse Defendant for the cost of replacement within 30 days of receiving notice from Defendant, or otherwise contest the reasonableness of the cost of replacement with the Court;

   b. Until and unless a "No Further Action Letter" is issued by NCDENR or Defendant's monitoring obligations are otherwise satisfied consistent with the Purchase Agreement signed by the parties, Plaintiff is not to unreasonably interfere with or deny Defendant access to the groundwater wells, and Defendant is not to unreasonably interfere with Plaintiff's development of the property;

   c. Until and unless a "No Further Action Letter" is issued by NCDENR or Defendant's monitoring obligations are otherwise satisfied consistent with the Purchase Agreement signed by the parties, Plaintiff is to give Defendant notice of any plans to develop the property, and Defendant is to respond within 30 days of receiving such notice as to the feasibility of moving the wells on the property so that the wells do not unreasonably interfere with the Plaintiff's development of the property; and

    d.       Until and unless a "No Further Action Letter" is issued by NCDENR or Defendant's monitoring obligations are otherwise satisfied consistent with the Purchase Agreement signed by the parties, the parties agree that this Court retains jurisdiction to hear any dispute between the parties regarding the groundwater wells, including but not limited to, the location of the wells, the cost of their replacement, and whether the wells unreasonably interfere with the Plaintiff's development of the property.

5. By stipulation of the parties, Plaintiff does not waive its right to a jury trial as to those issues considered and dismissed at summary judgment, provided that Plaintiff successfully appeals the Court's summary judgment order and is granted a new trial on such issues. Further, by stipulation of the parties, the Defendant shall not attack or challenge any evidence relating to the costs or expenses which may have been incurred on behalf of the Plaintiff with GeoScience Group, Inc. on the grounds that such costs and expenses related in any way to the removal of asbestos from the property.

Signed: July 3, 2012

_____
Max O. Cogburn Jr.
United States District Judge